UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-61119-CIV-CANNON/HUNT

VSI SALES, LLC., et al.,

       Plaintiffs,

  v.

ANTHONY DISIMONE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Verified Motion for Attorneys' Fees, ECF No. 115. The Honorable Aileen M. Cannon referred this case to the undersigned for all non-dispositive pretrial motions, fees, costs, as well as the specific motion at issue. ECF No. 116; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, the Motion, Response and Reply thereto, and being otherwise fully advised in the premises, the undersigned RECOMMENDS that Defendants' Verified Motion for Attorneys' Fees, ECF No. 115, be DENIED.

**I.    Background**

VSI Sales LLC, Structures U.S. LLC, and Structures U.S.A. LLC ("Plaintiffs") brought this action against Anthony DiSimone, Angela DiSimone, and Engineered Pole Structures LLC (collectively "Defendants") alleging federal trademark infringement, unfair competition, and several other claims. ECF No. 24. This Court granted in part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint and dismissed four of the twelve counts without prejudice. ECF No. 50. The Parties filed Cross-Motions for

Summary Judgment.  ECF Nos. 59, 61.  The District Court granted summary judgment in favor of Defendants on the federal trademark infringement and unfair competition claims.  ECF No. 103.  The Court declined to retain supplemental jurisdiction over the remaining claims and dismissed them without prejudice.  ECF No. 113.

Defendants now move for attorneys' fees pursuant to the Lanham Act, 15 U.S.C. §1117(a), claiming that this case is one that should be considered as exceptional where the Court may award attorneys' fees to the prevailing party.  ECF No. 115.  Plaintiffs filed a response in opposition and Defendants filed a reply.  ECF Nos. 119, 120.

## II.     Defendants' Motion for Attorneys' Fees

A.  Parties' Arguments

Defendants claim that this case should be deemed exceptional because Plaintiffs filed suit without any legal or factual basis to support their Lanham Act claims.  Defendants contend that Plaintiffs only produced as evidence six emails that they claimed created a likelihood of confusion; however, Defendants argue that Plaintiffs produced no evidence that the six emails actually caused confusion.  Defendants argue that Plaintiffs' failure to produce any evidence that there was actual confusion created by the emails qualifies this case as exceptional entitling Defendants to an award of reasonable attorneys' fees.

Plaintiffs respond that Defendants are not entitled to fees because Defendants are not the prevailing party and this case does not qualify as exceptional under the Lanham Act.  Plaintiffs argue that the primary relief sought was entry of an injunction, which they requested shortly after filing the instant action.  Following a status conference, the District Judge entered an agreed order, which Plaintiffs assert essentially provided the injunctive

2

relief they had requested.[1]  Thus, Plaintiffs argue that Defendants are not the prevailing party because Plaintiffs obtained a significant benefit, that is, the functional equivalent of an injunction.  Plaintiffs further argue that the agreed order resolved the issue related to the use of the trademarks post-termination, and all that remained to be decided was whether Defendants violated the Lanham Act prior to the termination of their employment.  Plaintiffs contend that the fact that their motion for summary judgment was denied and summary judgment was entered against them, without more, is an insufficient basis to award attorneys' fees under the Lanham Act.  Lastly, Plaintiffs argue that Defendants' hours billed are not reasonable.

Defendants respond that Plaintiffs mischaracterize the agreed order and that no injunction was entered.  Defendants argue that this case qualifies as exceptional because Plaintiffs forced Defendants to litigate based upon an unsupported theory.  Thus, Defendants argue that Plaintiffs' Lanham Act claims were objectively and legally baseless.  Finally, Defendants contend the hours requested are reasonable as Defendants are seeking a reduced amount.

B. Discussion

Contrary to the so-called "American Rule" under which parties are generally expected to bear their own cost of litigation, the Lanham Act allows that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the United States

---

1.  The agreed order reads, in pertinent part, as follows: "Defendant Anthony DiSimone will not use any logo, trademark, tradename, name, domain name, e-mail address, design, or other mark or marking of VSI or any confusingly similar variation thereof and will not express any affiliation between Mr. DiSimone and VSI."  ECF No. 18.

Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. 545, 554 (2014).[2] Courts have fairly broad discretion in determining what constitutes an "exceptional case." *See Tobinick v.* Novella, 884 F.3d 1110, 1117 (11th Cir. 2018) ("Even if a court determines a case qualifies as exceptional, the ultimate decision whether or not to award attorney's fees remains within the discretion of the trial court.") (internal quotation omitted). Courts are instructed to consider the "totality of the circumstances," and, "[a]s in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

The Court in *Octane Fitness* noted that "courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6 (quoting *Fogerty*, 510 U.S. at 534). Movants bear the burden of demonstrating the exceptionality of their case by the preponderance of evidence. *Peschke Map Techs. LLC v. Miromar Dev.*

---

2. Although the *Octane Fitness* case concerned a case brought under the Patent Act, the standard it articulated has been found to also apply to Lanham Act cases. *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018). "[A]n 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Id.* at 1119 (quoting *Octane*, 134 S. Ct. at 1756).

4

*Corp.*, No. 215CV173FTM38MRM, 2017 WL 991481, at *2 (M.D. Fla. Mar. 15, 2017) (citing *Octane Fitness*, 572 U.S. at 557).

"There is no precise rule or formula for determining whether a Lanham Act case is 'exceptional' based on its lack of substantive strength." *FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971-CIV-WILLIAMS/TORRES, 2019 WL 7790856, at *3 (S.D. Fla. Oct. 17, 2019) (quoting *Octane Fitness*, 572 U.S. at 554). Courts in this District have awarded fees when a claim was found to be objectively baseless. *See Fla. Int'l Univ. Board of Trs. v. Fla. Nat'l Univ.*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2017 WL 3610583, at *4 (S.D. Fla. Aug. 11, 2017) (listing cases using the objectively baseless standard), *report and recommendation adopted*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2018 WL 4409885 (S.D. Fla. June 25, 2018). Courts have described claims as baseless where the case is frivolous and objectively unreasonable or when the plaintiff should have known that the claims were objectively baseless. *Id.* (citations omitted). However, courts in this District have declined to award fees where the plaintiff's case is at least colorable. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 16-21203-CIV-WILLIAMS/BECERRA, 2020 WL 9460328, at *4 (S.D. Fla. Mar. 6, 2020) (listing cases declining to award fees where the plaintiff's case was colorable); *see also Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.*, No. 8:13-cv-1732-T-36EAJ, 2015 WL 4887550, at *3 (M.D. Fla. 2015) ("[A]lthough the totality of the evidence supporting the validity of [the] marks was weak, [p]laintiffs' overall case was at least colorable.").

C. Analysis

Here, there is no evidence or accusation that this action was litigated in an unreasonable manner. Thus, the undersigned must apply *Octane Fitness* to the case at

bar and determine whether this case "stands out from others with respect to the substantive strength of a party's litigation position." 572 U.S. at 554.

To prevail on a false endorsement claim, Plaintiffs must show that "(1) [they] had trademark rights in the mark or name at issue" and "(2) [Defendants] had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012) (quoting *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010)).

The court analyzes several factors to evaluate whether a likelihood of confusion exists. These factors are:

> (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

*Tana*, 611 F.3d at 774–75.

Plaintiffs' Complaint alleged one count claiming false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a). In support, Plaintiffs alleged that Defendants used their logo in connection with goods or services in a manner that is likely to cause confusion. Defendants' motion to dismiss did not address this claim. The District Court entered summary judgment on this count in favor of Defendants and against Plaintiffs. For the purposes of this motion, the undersigned will assume that Defendants, having secured summary judgment on the Lanham Act count and dismissal of the other counts, are the prevailing party.

In order to prevail on a false endorsement claim Plaintiffs were required to show a likelihood of confusion. At the summary judgment stage, there were six emails that Plaintiffs identified as purportedly creating a likelihood of confusion among their customers. When examining the likelihood of confusion prong, the most persuasive evidence is, of course, the existence of actual confusion. *Tana*, 611 F.3d at 779. But this is not the only factor. The District Court, using the seven-part test outlined in *Tana*, examined the evidence, including the six emails, and found that while it was possible that consumers could have been confused by the logos, Plaintiffs did not put forward any evidence that cleared the bar of actual confusion. Although the Court denied Plaintiffs' Lanham Act claims, nowhere in the District Court's order is there any indication or suggestion that the allegations in the Complaint were baseless or frivolous, or that this action qualifies as exceptional.

While Plaintiffs ultimately lost, the District Court acknowledged that it was indeed possible that consumers could have been confused by the use of the logos. Although Plaintiff's arguments did not carry the day, the undersigned finds that the arguments and claims were neither frivolous nor objectively unreasonable.

In the end, when viewing this action in its totality and applying *Octane Fitness*, this case does not stand out from others. Instead, it blends in with and is largely indistinguishable from many other similar cases. The undersigned does not find that this action qualifies as exceptional. Therefore, the undersigned recommends that Defendants' Motion for Attorneys' Fees be DENIED.

### III. Recommendation

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Verified Motion for Attorneys' Fees, ECF No. 115, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 8th day of August 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Aileen M. Cannon
All Counsel of Record